## VULCAN CORPORATION v. UNITED SHOE MACHINERY CORPORATION.

### No. 6836.

Circuit Court of Appeals, Sixth Circuit.
March 12, 1936.

Dean S. Edmonds, of New York City (Allen & Allen, of Cincinnati, Ohio, and Pennie, Davis, Marvin & Edmonds and Leslie B. Young, all of New York City, on the brief), for appellant.

Hector M. Holmes, of Boston, Mass. (Fish, Richardson & Neave, of Boston, Mass., and Bennett R. Knight, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The patent in suit, Russ No. 1,528,345, was held valid against two asserted prior uses in United Shoe Machinery Corporation v. Day Wood Heel Co., 46 F.(2d) 897 (C.C.A.6). Following the decision in that case, the United Shoe Machinery Corporation, the plaintiff there, brought this suit for infringement of the patent against the appellant, Vulcan Corporation. The defenses were noninfringement and anticipation by prior uses not considered in the former case. Both were denied and the patent sustained with an adjudication of infringement.

The patent makes three claims. One and two are for a wood heel for shoes having longitudinally concave side surfaces and a longitudinally convex, transversely concave breast surface, the relative concavity of the side surfaces and convexity of the breast surface so neutralizing each other that their lines of intersection lie in approximately the same plane. Claim three is for a method for shaping the heels so as to form the article covered by claims one and two. It fails, however, to specify any steps taken or means used in practic-

ing the method, but merely calls for a method of shaping the heels so as to produce surface lines intersecting in approximately the same plane.

The appellant relies in its defense of anticipation upon evidence of a prior production and use of the article not presented in the Day Heel Company Case. It introduced in evidence a number of heels made at the plant of the Ross Heel Company of South Easton, Mass., in the years from 1908 to 1924. These heels were obtained after the Ross Company closed its plant in 1929. Many of them were model heels and bore the dates of their manufacture. One group, designated as Exhibits W–1 to W–6, consisted of a set of varying sizes. The evidence shows that these heels were made as models for purposes of reproductions, and it appears from an examination of them that they fulfill the requirements of the two article claims. Notwithstanding the substantial identity of these heels with the patented article, the trial court found that their manufacture by the Ross Company did not constitute such prior use as would defeat the invention. The court proceeded upon the theory that it was not shown that the Ross Company intentionally neutralized the transversely concave side and longitudinally convex breast surfaces to produce the straight breast edges. It was the view of the court that this effect produced in the heels was accidental or fortuitous, and that an article so produced cannot be relied upon as an anticipation.

Many authorities are cited by appellee to support the proposition that in order to defeat novelty by evidence of a prior use it must be shown beyond a reasonable doubt not only that there was such use, but also that the use was intentional and that the user had an intellectual understanding or appreciation of its purpose and ends. The latter requirement has been given its broadest expression in cases involving process claims. However essential its fulfillment may be to a successful attack on an article claim, it has never been held to be absent in a prior production of an equivalent article where, as here, the maker of the article intended to make and use it for the purpose for which the patented article was designed and used. The excerpt from the opinion of this court in the former case referred to by the appellee in argument does not indicate the contrary. There the court was dealing with all three claims of the patent, without considering them separately, and it was pointed out that the defendant there "did not claim to have intentionally produced" the patentable feature. The court did not deem it necessary to pass upon the validity of the method claim. Now considering that question, we think the claim is too general and indefinite to constitute a valid method claim. For the purpose of determining validity, the patent is therefore limited to the article claims. We thus have a patent for a wood heel for shoes and unquestioned proof that heels fulfilling the requirements of the patent claims were made by a manufacturer as model heels prior to the issuance of the patent. It is said by the appellee in support of the holding that the heels were accidentally made, that they were formed by what is known as the buffing method, and, that method of shaping being inaccurate, it is reasonable to assume that the result was accidental and not purposeful. The proofs show that they were designed as models for heels for ladies' shoes. It is immaterial by what means they were made if they were made as heels and fulfill the requirements called for in the patent claims. Likewise it is immaterial whether the maker fully appreciated all of the advantages in such a heel. That they were made by design into their completed form cannot, in our opinion, be open to doubt. The Ross Company was engaged in manufacturing and selling wood heels for shoes. It made and exhibited models from which its customers could make selections for orders. The heels W–1 to W–6, inclusive, were models, of uniform shape, varying only, one from another, about one-sixteenth of an inch in size. We cannot escape the conclusion that they were made in such form by design and not by accident. The making of them as models for other heels, if required by the maker's customers, is enough to negative novelty and defeat invention in the patent.

The decree is reversed, and the cause remanded, with direction to dismiss the bill.